## LOUIS OBERT BREWING COMPANY, Appellant, v. S. A. KELLER.

### Division One, February 28, 1913.

APPELLATE JURISDICTION: Attachment: Less Than $7500: Counterclaim for More Than $7500. Plaintiff sued in attachment, and defendant's plea in abatement put in issue the allegations of the affidavit. The suit upon the merits was based upon an account stated, whose various items totaled $6175.11. Defendant's answer to the merits denied the allegations of the petition, and set up a counterclaim for $8952.01. The attachment trial resulted in a verdict for defendant, and plaintiff appealed. The trial on the merits resulted in a verdict for plaintiff for $5656.41, and from that verdict there was no appeal by either party. *Held,* that the Supreme Court does not have jurisdiction of the appeal, and the cause is, therefore, transferred to the proper court of appeals.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*John B. Cole* for appellant.

*M. R. Lively* for respondent.

WOODSON, P. J.—This is an attachment suit, which was instituted September 12, 1908, in the circuit court of Jasper county, by the plaintiff against the defendant.

The affidavit for the attachment, omitting formal parts, was as follows:

"This affiant states that he is the vice-president and treasurer of this plaintiff corporation and that he makes this affidavit on behalf of said plaintiff, and further states that the plaintiff in the above entitled cause has just demands against the defendant herein, now due, and that the amount which this affiant believes the plaintiff ought to recover, after allowing all just credits and set-offs, is $6175.11, and that this affiant has good reason to believe and does believe:

"1. That the defendant conceals himself so that the ordinary process of law cannot be served upon him.

"2. That the defendant has absconded and absented himself from his usual place of abode in this State, so that the ordinary process of law cannot be served upon him.

"3. That the defendant is about to remove his property and effects out of this State with the intent to defraud, hinder and delay his creditors.

"4. That the defendant has fraudulently conveyed and assigned his property and effects so as to hinder and delay his creditors.

"5. That the defendant has fraudulently concealed, removed and disposed of his property and effects so as to hinder and delay his creditors.

"6. That the defendant is about fraudulently to convey and assign his property and effects so as to hinder and delay his creditors.

"7. That the defendant is about fraudulently to conceal, remove and dispose of his property and effects so as to hinder and delay his creditors."

The defendant filed a plea in abatement putting in issue the allegations of the affidavit for the attachment.

The suit upon the merits was based on accounts stated, dated August 1, 1908, consisting of three counts, the two first, for goods sold and delivered; the first was for $3181.56; the second for $2396.80; and the third was for $596.75—total, $6175.11.

The defendant filed an answer to the merits, denying the allegations of the petition, and set up a counterclaim in the sum of $8952.01.

The reply was a general denial.

A trial was first had upon the attachment which resulted in a verdict for the defendant; and thereafter a trial was had upon the merits which resulted in a verdict for the plaintiff on the first count for the sum of $3181.56, and on the second in the sum of $2474.85—total, $5656.41.

In due time the plaintiff filed its motion for a new trial of the issues in the attachment proceedings, which motion was by the court overruled, and the plaintiff duly appealed the cause to this court.

There was no appeal taken from the merits by either the plaintiff or defendant.

The plaintiff submitted its case upon briefs, but the defendant is not represented in this court.

It is apparent from the foregoing statement of the case, that the only question involved in this appeal is the correctness of the rulings made by the cir-

cuit court in the trial of the attachment suit which under the facts disclosed by the record, this court has no authority to review.

The cause is, therefore, transferred to the Springfield Court of Appeals, to be disposed of according to law.

All concur.